(626 P.2d 801)
No. 51,524

PAMELA A. MAY, *Plaintiff-Appellant*, v. WILLIAM LEE MAY, *Defendant-Appellee.*

Opinion filed April 17, 1981.

*Nancy J. Ingle* and *Gregory B. Durry*, of Pittsburg, for the appellant.

No appearance for the appellee.

Before FOTH, C.J., presiding, TERRY L. BULLOCK, District Judge, and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

BULLOCK, J.: Pamela A. May filed a petition for divorce in the District Court of Montgomery County alleging that she and her husband, the defendant, were incompatible and that a decree of divorce should be entered on those grounds. Among other things, Pamela also sought custody of the minor child of the parties; child support for the minor child; and the restoration of her maiden name, Scourten. Pamela's husband, William, although served with process, chose not to appear and defend the action.

In due course Pamela's petition for divorce, custody, child support and restoration of her maiden name came on for hearing in the district court. At the conclusion of the hearing on the petition for divorce, the trial judge found that the parties were incompatible, entered a decree of divorce dissolving the marriage, granted custody of the minor child of the parties to Pamela and fixed reasonable child support to be paid by William, but denied Pamela's request that her maiden name be restored. In denying Pamela's request for the restoration of her maiden name, the trial judge concluded that the restoration of a maiden name was discretionary with the court and that it would not be in the best interests of the minor child for her name to be different from that of her mother. Thereafter, Pamela filed a motion to amend judgment in accordance with K.S.A. 60-259(f) contending that the restoration of her maiden name was not discretionary with the trial court under the terms of K.S.A. 60-1610(f) and, further, that if the same was discretionary the trial court had abused its discre-

tion in failing to grant her request. The trial court denied Pamela's motion to amend judgment and this appeal followed.

Although K.S.A. 60-1610(*f*) has been a part of the law of Kansas since the adoption of the Code of Civil Procedure by the Kansas Legislature in 1964, it would appear that the question presented is one of first impression. We turn first to the precise terms of the statute in question, wherein the legislature has provided:

"(f) *Restoration of name.* Upon the request of the wife, the court shall order the restoration of her maiden or former name."

In comparing this section of the Code of Civil Procedure with the prior Kansas statute which it replaced, Judge Spencer A. Gard, Chairman of the Advisory Committee appointed to draft the Code, commented:

"Under G.S. 1949, 60-1511, the wife was entitled to restoration of her maiden name when she obtained a divorce for the husband's fault. When for her fault it was discretionary with the court  .  .  .  .  [The new] subsection removes the court discretion and gives the wife the right to have her former name or maiden name restored in any case where the marriage relationship is dissolved by divorce or annulment." Gard's Kansas C. Civ. Proc. § 60-1610 (1963).

Other learned commentators have concurred in Judge Gard's analysis. See, *e.g.,* 5 Vernon's Kansas C. Civ. Proc. § 60-1610 (1979), and Hopson, *Divorce and Alimony Under the New Code,* 12 Kan. L. Rev. 27 at p. 45 (1963).

Without undue elaboration, we are persuaded that the observations of Judge Gard are correct. Accordingly, we hold that in any case where the marital relationship existing between the parties is dissolved by divorce or annulment, the restoration of the wife's maiden or former name, upon her request, is mandatory.

Accordingly, the order of the trial court denying the restoration of Pamela's maiden name is reversed and this cause is remanded for the entry of judgment restoring her maiden name.